UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                        )
SAFRON HUOT,                            )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )      C.A. No. 17-326 S
                                        )
MONTANA STATE DEPARTMENT OF CHILD       )
AND FAMILY SERVICES; et al.,            )
                                        )
          Defendants.                   )
_____ )
```

**ORDER**

WILLIAM E. SMITH, Chief Judge.

   Magistrate Judge Lincoln D. Almond filed a Report and Recommendation ("R&R") on July 27, 2017 (ECF No. 5) recommending that the Court dismiss Plaintiff's Complaint because it is frivolous, it fails to state a claim upon which relief may be granted, and it seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). Plaintiff has not filed an objection to the R&R. After carefully reviewing the Complaint and the R&R, this Court ACCEPTS the R&R in its entirety and adopts the reasoning set forth therein. Plaintiff's Complaint is hereby dismissed with prejudice.

IT IS SO ORDERED.

_William E. Smith_ (signature)

William E. Smith
Chief Judge
Date:  August 31, 2017

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND


SAFRON HUOT                              :
                                         :
        v.                               :        C.A. No. 17-326S
                                         :
MONTANA STATE DEPARTMENT                 :
OF CHILD AND FAMILY                      :
SERVICES, et. al.                        :


**REPORT AND RECOMMENDATION**
**FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

On July 12, 2017, pro se Plaintiff Safron Huot filed a Motion to Proceed In Forma Pauperis

("IFP Motion") along with a proposed Complaint, a Motion for Appointed Counsel and a Motion to

Set Aside Adoption & Reinstate Full Parental Rights. (ECF Doc. Nos. 1-4).  The IFP Motion was

referred to me for determination.  28 U.S.C. § 636; LR Cv 72.  Based upon the information contained

in Plaintiffs IFP Motion, the Court is satisfied that Plaintiff qualifies for IFP status. Accordingly, the

Court GRANTS Plaintiff's IFP Motion.  (ECF Doc. No. 2).

Having granted IFP status, I am required by statute to further review Plaintiff's Complaint

sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss if it is "frivolous or malicious," "fails to state

a claim on which relief may be granted" or "seeks monetary relief against a defendant who is

immune from such relief."  For the reasons discussed below, I recommend that Plaintiff's Complaint

be DISMISSED because it is "frivolous," "fails to state a claim on which relief may be granted,"

and/or "seeks monetary relief against a defendant who is immune from such relief."  See 28 U.S.C. §

1915(e)(2)(B).

I further recommend that Plaintiff's Motion to Set Aside Adoption & Reinstate full Parental Rights and Motion for Appointed Counsel be DISMISSED as moot. (ECF Doc. Nos. 3, 4).

**Facts**

Plaintiff's proposed Complaint is titled "Out of Date Complaint;" however, the Court will refer to this document as Plaintiff's "Complaint."  In the Complaint, Plaintiff, a Montana resident, named fourteen entities and individuals as Defendants in this matter. Plaintiff identified all Defendants as citizens of Montana. (ECF Doc. No. 1 at pp. 1-4).  Plaintiff lists twelve "claims" against various Defendants, all of which appear to relate to alleged wrongs committed in connection with the judicial termination of Plaintiff's parental rights. Id. at pp. 5-8. Plaintiff asserts that her lawsuit involves a "federal question," however, Plaintiff does not identify any particular cause of action upon which her claims are based. Id. at pp. 4-11. Further, it appears to the Court that Plaintiff has attempted to file a copy of her Complaint and related submissions in fifty other Federal District Courts throughout the country.  See id. (identifying the "United States District Court(s) for the District of Columbia, and All 50 States" in the case caption); Notice of Service (indicating that Plaintiff's Complaint and related documents were mailed to this Court and fifty other Federal District Courts).

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity.  28 U.S.C. § 1915(e)(2)(B).  The standard for dismissal of an action filed in forma pauperis is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).  See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002).  In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff

would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996).   Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous."   28 U.S.C. § 1915(e)(2)(B)(i).   A claim "is frivolous where it lacks an arguable basis either in law or in fact."   Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).   In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in her favor.   Estelle v. Gamble, 429 U.S. 97 (1976).   In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant.   See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).   However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Dismissal of this action is warranted for a number of reasons. First, it is clear to the Court that it lacks subject matter jurisdiction over Plaintiff's lawsuit. The Court has an independent obligation to inquire, sua sponte, into its subject matter jurisdiction.   See Arroyo v. Massachusetts, C.A. No. 12-753S, 2013 WL 3288106, at *3 (D.R.I. June 28, 2013) citing McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).   As set forth in Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).   Federal courts are courts of limited jurisdiction, meaning that a federal court is empowered only to consider certain types of claims. A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States" (i.e., "federal question jurisdiction"), or over civil cases in which the amount in controversy exceeds $75,000.00, exclusive of interest and

costs, and in which diversity of citizenship exists between the parties (i.e., "diversity jurisdiction"). 28 U.S.C. §§ 1331, 1332. Here, Plaintiff has not identified any particular cause of action in her Complaint that would allow this Court to exercise federal question jurisdiction over this lawsuit. Further, all parties are identified as citizens of Montana, thus eliminating the applicability of diversity jurisdiction. Even if this Court could exercise subject matter jurisdiction over this action, dismissal would nevertheless be warranted pursuant to 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) requires the Court to "dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

A pro se complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Here, it is clear to the Court that Plaintiff's Complaint does not sufficiently state a claim on which relief may be granted. Finally, it is clear that venue is improper in this Court. Pursuant to 28 U.S.C. § 1391, the general venue statute, a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;  (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 139l(b). Here, none of the Defendants reside in this judicial district, none of the events giving rise to the claims occurred in this judicial district and there is no indication that any of the Defendants are subject to personal jurisdiction in this judicial district. Accordingly, venue is clearly improper. When venue is

improper, 28 U.S.C. § 1406(a) directs the Court to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because of the other problems with Plaintiff's Complaint, as detailed above, the Court finds that it is not "in the interest of justice" to transfer this case to another district. Instead, I recommend that this action be dismissed.

**Conclusion**

For the reasons stated, Plaintiff's IFP Motion (ECF Doc. No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and (iii), I further recommend that Plaintiff's Complaint (ECF Doc. No. 1) be DISMISSED with prejudice. In addition, based on this dismissal recommendation, Plaintiff's Motion for Appointed Counsel (ECF Doc. No. 4), and Motion to Set Aside Adoption & Reinstate Full Parental Rights (ECF Doc. No. 3) are DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 27, 2017